[Crim. No. 114.   Second Appellate District.—March 4, 1909.]

## THE PEOPLE, Respondent, v. CHARLES OLIVAS, Appellant.

CRIMINAL LAW—BURGLARY JOINTLY CHARGED—SEPARATE TRIAL—EVIDENCE—REQUESTED INSTRUCTION PROPERLY REFUSED.—Upon a separate trial of the defendant, jointly charged with another, for the crime of burglary, where the circumstances of the case were such that even if the evidence indicated that the other defendant was the real active participant in the crime, nevertheless, under section 31 of the Penal Code, defendant might be found guilty as aiding and abetting therein, but, as matter of fact, the evidence tended strongly to prove that both of them participated in the crime, and there was also evidence tending to show that defendant was the more active participant, a requested instruction to the jury, that "if you find from a consideration of all the evidence that it points as clearly to some other person, as the person who committed the crime in question, as it does to the defendant, or if, after a fair and full consideration of all the evidence, the jury entertain a reasonable doubt as to whether Charles Olivas or some other person was the guilty party, then it is your duty to acquit the defendant," was properly refused.

ID.—CLAUSE AS TO REASONABLE DOUBT EMBODIED IN CHARGE.—When the element of reasonable doubt involved in the last clause of the requested instruction was completely covered by a number of the instructions embodied in the charge, its repetition in the requested instruction was unnecessary.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Chas. A. Palmer, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment of conviction and from an order denying a new trial.

The information filed charged defendant and one Gallego jointly with the crime of burglary. Defendant Olivas demanded a separate trial, upon which trial evidence was offered tending to show that both of said defendants were implicated in the criminal act, although some of the evidence offered tended to show that defendant Olivas was the most active participant therein.

The only error assigned relates to the action of the trial judge in refusing the following instruction: "I instruct you the defendant, Charles Olivas, is the only person on trial before you for this alleged offense, and that if you find from a consideration of all the evidence that it points as clearly to some other person, as the person who committed the crime in question, as it does to the defendant, or if, after a fair and full consideration of all the evidence, the jury entertain a reasonable doubt as to whether the said Charles Olivas or some other person was the guilty party, then it is your duty to acquit the defendant." There was no error in the refusal of the court to give this instruction. The circumstances of the case were such that, even if the evidence indicated that the other defendant was the real, active participant in the crime, nevertheless, under section 31 of the Penal Code, defendant might still be guilty as one aiding and abetting therein. As a matter of fact, the evidence tended strongly toward showing the guilt of both. The court, under these

circumstances, would not have been warranted in instructing the jury as requested.

The facts of this case are materially different from those in *People* v. *Hemple,* 4 Cal. App. 120, [87 Pac. 227], in which case a majority of the court determined that the refusal to give a similar instruction, under the peculiar circumstances of that particular case, was error.    The element of reasonable doubt involved in the last clause of the instruction was completely covered by a number of the instructions given, and its repetition was unnecessary.

We find no error in the record, and the judgment and order appealed from are affirmed.

Shaw, J., and Taggart, J., concurred.